UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24336-BLOOM/Torres

JENNIFER GRAPPELL,

    Plaintiff,
v.

MIGUEL CARDONA, as Secretary,
U.S. Department of Education

    Defendant.
_____/

**THIS CAUSE** is before the Court upon Defendant Miguel Cardona, as Secretary, U.S. Department of Education's Motion to Dismiss Plaintiff's Complaint, ECF No. [22] ("Motion"). Plaintiff Jennifer Grappell, a *pro se* litigant, filed a Response in Opposition ("Response"), ECF No. [27].[1] The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

    **A. Procedural History**

Plaintiff filed her *pro se* Complaint on November 13, 2023, asserting causes of action against Defendant on behalf of herself and her son for Defendant's "neglect of duty," "obstruction of justice," and violations of Title IX. *See* ECF No. [1] at 3-4. The Complaint is completed on *Official Form Pro Se 1 – Complaint for Civil Case* and references an accompanying attachment as Plaintiff's statement of her claim. *Id.* at 4. The attachment, a letter from Jana Erickson, Program Manager for the United States Department of Education Office for Civil Rights, Region IV

---

[1] Defendant did not file a Reply in Support of his Motion.

("OCR"), notes that Plaintiff has filed three administrative complaints with OCR regarding alleged sex discrimination and retaliation against her son by the Miami-Dade County School District. *See id.* at 6-9. One such complaint remains under investigation by OCR.[2] *Id.* at 7. The OCR letter informs Plaintiff the OCR will issue its written determination to Plaintiff and the Miami-Dade County School District once its investigation is complete, and that "OCR expects to complete its investigation by September 30, 2022." *Id.* Plaintiff alleges Defendant committed "gross negligence" in handling her three OCR complaints, observing that "a written determination" regarding her third OCR complaint "was promised to Plaintiff by September 30, 2022." *Id.* at 8. Plaintiff's Complaint seeks an order requiring OCR "to deliver their written determination … within 14 days" of the Court's order as well as punitive and compensatory damages for herself and her son.[3] *Id.* at 9.

Defendant filed a Notice of Related Cases and Vexatious Litigation Injunction, ECF No. [10], and points out that Plaintiff previously raised substantially similar claims of sex discrimination and retaliation against various Miami-Dade County School defendants (collectively, the "School Board Defendants"). Plaintiff brought two such cases in this District, Case No.19-cv-23990-MGC and Case No. 21-cv-22016-BB, both of which were dismissed with prejudice. Plaintiff appealed the dismissal of Case No.19-cv-23990-MGC to the Eleventh Circuit, which affirmed the dismissal of Plaintiff's discrimination and retaliation claims with prejudice. *Grappell v. Carvalho*, 847 F. App'x 698 (2021). However, the Eleventh Circuit reversed and remanded Plaintiff's claims brought on behalf of her son and direct that the claim be dismissed without prejudice because *pro se* litigants cannot bring claims on their children's behalf. *See id.* at

---

[2] The OCR dismissed Plaintiff's first two administrative complaints on July 31, 2017 and March 26, 2019, respectively. ECF No. [1] at 6.

[3] The Complaint also requests the Court "urge Secretary Miguel Cardona to resign immediately if he is unable to supply Plaintiff with a letter of written determination." *Id.* at 9.

701. Plaintiff then brought near-identical claims against the School Board Defendants on behalf of herself and her son, which were deemed frivolous by this Court and resulted in the entry of a vexatious *pro se* litigant injunction. *Grappell v. Carvalho*, Case No. 21-CV-22016-BB, 2021 WL 5178750, at *10 (S.D. Fla. Nov. 8, 2021). The Court's filing injunction prohibits Plaintiff from filing further lawsuits in this District against the School Board Defendants without first obtaining leave of Court.[4] *Id.*

### B. Motion

Defendant primarily argues Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because lawsuits against federal officials such as Defendant require a waiver of federal sovereign immunity to proceed. Defendant contends Plaintiff fails to identify a valid waiver of sovereign immunity that demonstrates her claim may proceed, and no such waiver exists. Accordingly, Defendant argues the Court lacks subject-matter jurisdiction over Plaintiff's claim. Alternatively, Defendant contends the Complaint must be dismissed as a shotgun pleading or for failing to state a claim in violation of Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues she has standing to bring a Title IX claim on her son's behalf, and her Complaint states a viable cause of action under Title IX and the Federal Tort Claims Act ("FTCA").

## II. LEGAL STANDARD

### A. Motion to Dismiss

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to

---

[4] The Court's filing injunction does not include Defendant. *Id.*

3

continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The party bringing the claim has the burden to establish federal subject matter jurisdiction. *United States ex rel. Brown v. Walt Disney World Co.*, 361 F. App'x 66, 68 (11th Cir. 2010) *Kokkonen*, 511 U.S. at 377 (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)).

Rule 12(b)(1) motions challenging the district court's subject matter jurisdiction come in two forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)). A factual attack, on the other hand, "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* When a defendant launches a factual attack, "the trial court may proceed as it never could under 12(b) (6) or Fed. R. Civ. P. 56. … no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)); *see also Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1067 (S.D. Fla. 2020) ("When subject matter jurisdiction is faced with a factual attack, 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'") (quoting *Lawrence*, 919 F.2d at 1529)).

### B. *Pro Se* Litigants

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard

than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it.").

## III. DISCUSSION

Defendant mounts a factual attack against Plaintiff, arguing the Court lacks subject matter jurisdiction because Defendant is immune from suit, and Plaintiff fails to identify a valid waiver of federal sovereign immunity that demonstrates her claims can proceed. Plaintiff responds that she has standing to assert Title IX claims on behalf of herself and her son. Plaintiff also argues she can hold Defendant liable in tort for failing to fulfill his official duties under the FTCA. Plaintiff notes the FTCA provides a general waiver of sovereign immunity for tort claims and contends Florida law provides the basis for a viable FTCA tort claim against Defendant.

As noted, Plaintiff asserts claims on behalf of herself and her son. In doing so, Plaintiff ignores the Eleventh Circuit's guidance that *pro se* litigants cannot bring claims on behalf of their children. As the Eleventh Circuit previously explained to Plaintiff, such claims must be dismissed without prejudice:

> At the outset, we note that Grappell, a non-attorney proceeding *pro se*, purported to bring claims on behalf of herself and her minor son. While individuals in federal court generally may "may plead and conduct *their own cases* personally," 28 U.S.C. § 1654 (emphasis added), the right to appear *pro se* does not extend to non-attorney parties representing the interests of others. In particular, we have held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds by Winkelman ex rel. Winkelman v.*

5

> *Parma City Sch. Dist.*, 550 U.S. 516, 535, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007). This rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 581. Accordingly, to the extent Grappell, a non-attorney, sought to represent the legal interests of her son, the district court should have dismissed those claims without prejudice.

*Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021). Accordingly, Plaintiff's claims brought on behalf of her son are dismissed without prejudice.[5] The Court proceeds to determine whether Plaintiff's claim against Defendant must be dismissed for lack of subject matter jurisdiction.

Defendant argues Plaintiff's claim must be dismissed without prejudice for lack of subject matter jurisdiction. As noted, Plaintiff brings a claim against Defendant in his official capacity as Secretary of the U.S. Department of Education for the negligent processing of her OCR complaints, "neglect of duty/refusal to perform duties," and "obstruction of justice." *See generally* ECF No. [1]. The Complaint cites 42 U.S.C. § 1986, 18 U.S.C. § 1510, and Title IX as the bases for federal subject matter jurisdiction. *Id.* at 3. Defendant observes "none of these statutes provide the requisite waiver of federal sovereign immunity that would allow Plaintiff to sue a federal officer or agency as she has done here." ECF No. [22] at 7.

Defendant is correct that "[s]overeign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, L. Ed. 2d 308 (1994). Accordingly, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* (quoting *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988)); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)

---

[5] Plaintiff argues she has standing to assert Title IX claims on behalf of her son. As discussed, however, this argument ignores the Eleventh Circuit's determination that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997). Plaintiff's claims on behalf of her son therefore must be dismissed without prejudice even if Plaintiff has standing to assert those claims.

("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Such consent must be "unequivocally expressed." *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 33-34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Accordingly, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction if she fails to identify a valid waiver of federal sovereign immunity that permits her claim to proceed against Defendant.

### A.  42 U.S.C. § 1986 and 18 U.S.C. § 1510

Defendant is correct that none of the jurisdictional bases identified in the Complaint waive federal sovereign immunity. Plaintiff does not challenge Defendant's argument that Section 1986 and Section 1510 fail to waive federal sovereign immunity. Section 1986 creates a cause of action against anyone with "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. As Defendant accurately observes, Section 1986 does not waive federal sovereign immunity. *See, e.g.*, *Zhu v. Gonzales,* No. 04–1408(RMC), 2006 WL 1274767 (D.D.C. May 8, 2006) ("42 U.S.C. §§ 1981, 1982, 1985 and 1986 'by their terms, do not apply to actions against the United States.'") (quoting *Hohri v. United States,* 782 F.2d 227, 245 n. 43 (D.C. Cir. 1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987)); *see also United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes.").

The same is true with respect to Section 1510. Not only does Section 1510 fail to waive federal sovereign immunity, Section 1510 is also a criminal statute that "do[es] not provide a civil cause of action or any civil remedies." *Grappell*, 847 F. App'x at 701 (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit.

They are criminal in nature and provide no civil remedies.")); *Anderson v. Perez*, 860 F. App'x 688, 690 (11th Cir. 2021) (same). Plaintiff's reliance on Section 1986 and Section 1510 thus fails to demonstrate subject matter jurisdiction exists over her claim.

### B. Title IX

Title IX similarly fails to create a cause of action against Defendant. As Defendant points out, Title IX creates a private cause of action against discriminating entities that receive federal funding, including school districts. *See Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629 (1999); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005). However, Title IX does not create a private right of action against Defendant, the Department of Education, or against the United States itself. *Women's Equity Action League v. Cavazos ("WEAL")*, 906 F.2d 742, 751 (D.C. Cir. 1990) (citing *Cannon v. Univ. of Chi.*, 441 U.S. 677 (1979)); *cf. Marlow v. U.S. Dept. of Educ.*, 820 F.2d 581, 583 (2d Cir. 1987) (finding Section 504 of the Rehabilitation Act "does not provide for a claim against the Government when the plaintiff seeks review of a particular agency decision regarding an alleged act of discrimination by a recipient of federal funds.").

Plaintiff observes that Title IX provides a private cause of action for money damages and injunctive relief "against a school system in cases of student-to-student sexual harassment where the school acts with <u>deliberate indifference</u> to known acts of harassment." ECF No. [27] at 7 (alterations added) (citing *Du Bois v. Bd. Of Regents of Univ. of Minn.*, 987 F.3d 1199 (8th Cir. 2021)). However, this argument fails to demonstrate that Title IX waives federal sovereign immunity by creating a private cause of action against *Defendant* or the Department of Education,. Plaintiff otherwise provides no support for her position that Title IX provides a private cause of action against Defendant. Plaintiff has accordingly failed to show Title IX confers subject-matter jurisdiction over her claim. Moreover, the Court is persuaded by the Second Circuit's observation that finding such cause of action exists would be inconsistent with the Supreme Court's guidance

8

that "[a]llowing an action against the federal funding agency would be 'far more disruptive' of its enforcement efforts 'than a private suit against the recipient of federal aid could ever be.'" *Marlow*, 820 F.2d at 583-84 (citing *Cannon v. University of Chicago,* 441 U.S. 677, 707 n.41, 99 S.Ct. at 1962 n.41). The Court accordingly finds Title IX also fails to provide a waiver of federal sovereign immunity.

### C. Administrative Procedure Act

Unlike Title IX, Defendant accurately observes that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 – 706, *does* waive federal sovereign immunity for actions "seeking relief other than money damages," 5 U.S.C. § 702, but only where "there is no other adequate remedy in a court." 5 U.S.C. § 704. As noted, Plaintiff seeks an order compelling Defendant to render a decision on Plaintiff's administrative complaint. Plaintiff is thus "seeking relief other than money damages[.]" 5 U.S.C. § 702. Defendant contends the APA fails to waive sovereign immunity here because Title IX provides Plaintiff with an adequate remedy. Plaintiff does not respond to Defendant's argument. The Court is persuaded that the APA's waiver of sovereign immunity is inapplicable to Plaintiff's claim because Title IX affords Plaintiff an adequate remedy. Title IX provides two remedies for individuals accusing educational institutions that receive federal funding of sex discrimination: (1) filing a sex discrimination complaint with OCR, *see* 34 C.F.R. § 106.81, and (2) filing a private suit for injunctive and monetary relief against the educational institution directly. *Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979); *Franklin v. Gwinnett County Public Sch.*, 503 U.S. 60 (1992).

Regarding the complaint procedure, the Department of Education's regulations provide that the "responsible Department official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible

failure to comply with this part." 34 C.F.R. § 100.7(c). If OCR determines there is insufficient evidence of a violation, it will inform both the recipient and the complainant in writing. 34 C.F.R. § 100.7(d)(2). If the OCR finds sufficient evidence of a Title IX violation, it first attempts to resolve the matter by informal means, 34 C.F.R. § 100.7(d)(1), before initiating either fund termination proceedings or referring the complaint to the U.S. Department of Justice for litigation. 20 U.S.C. § 1682; 34 C.F.R. § 100.8. As Defendant points out, neither Title IX's regulations nor Title IX impose a statutory or regulatory deadline for completing such investigations.

Title IX also permits a plaintiff to file a private suit for injunctive and monetary relief directly against the discriminating entity. *See Cannon v. Univ. of Chicago*, 441 U.S. 677 (1979); *Franklin v. Gwinnett County Public Sch.*, 503 U.S. 60 (1992). The Government accurately observes that Plaintiff has unsuccessfully done so twice already and is now subject to a vexatious *pro se* litigant injunction, which prohibits Plaintiff from filing renewed claims against the School Board Defendants. *See Grappell*, 2021 WL 5178750, at *10. Defendant argues this private right of action "is the adequate remedy for discrimination." ECF No. [22] at 8. The Court agrees for the reasons discussed below.

The Eleventh Circuit has not addressed whether Title IX's private cause of action constitutes an adequate remedy that precludes APA jurisdiction. As Defendant observes, however, the D.C. Circuit has found Title IX's private remedy is adequate, thus precluding APA subject matter jurisdiction. In *Women's Equity Action League v. Cavazos ("WEAL")*, 906 F.2d 742 (D.C. Cir. 1990), then-Judge Ginsburg found Title VI and Title IX's private causes of action are "adequate, 'and therefore preclusive of a default remedy under the APA.'" *Id.* at 750-51 (quoting *Council of & for the Blind of Delaware Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521 (D.C. Cir. 1983); citing 5 U.S.C. § 704). Judge Ginsburg noted this finding is consistent with the Supreme

Court's guidance that private suits brought to remedy discriminatory practices are adequate—and preferable—remedies. *WEAL*, 906 F.2d at 751 ("*Cannon* suggests that Congress considered private suits to end discrimination not merely adequate but in fact the proper means for individuals to enforce Title VI and its sister antidiscrimination statutes.").

This finding is consistent with the Eleventh Circuit's jurisprudence on the issue of adequate remedies. For example, *Irwin v. Miami-Dade Cnty. Pub. Sch.*, 398 F. App'x 503 (11th Cir. 2010), the Eleventh Circuit affirmed the dismissal of a plaintiff's "claims against the federal agencies and the individual federal defendants[,]" observing the plaintiff "identified no basis for waiver of sovereign immunity that would permit jurisdiction over his claims against the agencies or against the United States itself." *Id.* at 506 (citing *Meyer*, 510 U.S. at 475). The plaintiff brought constitutional, Title VII, and various tort claims against several federal and state defendants based on "his difficulties in getting hired as a teacher in Florida because of his arrest record." *Id.* at 505. The court rejected the plaintiff's reliance on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) to support his constitutional and Title VII claims, observing "[a] *Bivens* action against individual federal officials is appropriate only if there is no other adequate remedy." *Id.* at 506 (citing *Lee v. Hughes,* 145 F.3d 1272, 1275 (11th Cir. 1998)). The Eleventh Circuit found *Bivens* was inapplicable because "[t]he remedy for employment discrimination is to sue the discriminating employer, not the investigating agency."[6] *Id.*; *see also Heslop v. Attorney Gen. of U.S.*, 594 F. App'x 580, 584 (11th Cir. 2014) (finding no APA jurisdiction because "the INA gives [the plaintiff] an adequate remedy:

---

[6] The Parties do not discuss whether Plaintiff's claim can plausibly be construed as a *Bivens* action against Defendant. As the Eleventh Circuit explained in *Irwin*, however, *Bivens* fails to provide a waiver of federal sovereign immunity for the same reason: Title IX provides Plaintiff with an adequate remedy. *Irwin*, 398 F. App'x at 506.

11

the ability to seek in federal district court *de novo* review of USCIS's denial of his application for naturalization after he exhausts his administrative remedies.") (citing 8 U.S.C. § 1421(c)).

Consistent with *WEAL* and *Irwin*, the Court finds no APA jurisdiction exists over Plaintiff's claim because Title IX provides an adequate remedy: a direct cause of action against the discriminatory educational institution. 398 F. App'x at 506. As Defendant points out, the fact that Plaintiff did not prevail in her lawsuits against the School Board Defendants—and is now subject to a filing injunction—does not render this remedy inadequate within the meaning of the APA. Accordingly, neither Title IX nor Section 504 of the APA waive federal sovereign immunity such that Plaintiff's claim may proceed.

### D. Federal Tort Claims Act

Plaintiff's Response *does* argue Defendant should be vicariously liable "for the 'school board defendants' failures & for still employing people who commit crimes[.]" ECF No. [27] at 1-2. For support, Plaintiff accurately observes that the FTCA waives the United States' sovereign immunity for tort claims. Plaintiff accordingly argues she can plausibly allege a negligence claim against Defendant for his neglect of duty under the FTCA.

The FTCA waives sovereign immunity for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," but only where the plaintiff "shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). "Through the enactment of the FTCA, the federal government has, as a general matter, waived its immunity from tort suits based on state law tort claims." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015) (citing *Millbrook v. United States,* ⸺ U.S. ⸺, 133 S.Ct. 1441, 1443, 185 L.Ed.2d 531 (2013)). Under the FTCA, however, "a federal agency must receive an SF-95 or other written notification from a claimant before the claimant can proceed against that agency." *Barnett v. Okeechobee Hosp.*, 283 F. 3d

12

1232, 1241 (11th Cir. 2002). Doing so affords the federal agency "an opportunity to resolve the dispute without litigation." *Id.* at 1236. As Defendant points out, a "court has no subject matter jurisdiction over a suit against the United States unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to § 2675(a) that contains a 'claim for money damages in a sum certain.'" *Wills v. Postmaster Gen.*, 300 F. App'x 748, 752 (11th Cir. 2008) (quoting *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006)); *see also Scarbrough v. Astrue*, 327 F. App'x 827, 829 (11th Cir. 2009); *Seneca v. United S. & E. Tribes*, 318 F. App'x 741, 746 (11th Cir. 2008); *Torjagbo v. United States*, 285 F. App'x 615, 617 (11th Cir. 2008)).

The Government contends the Court lacks subject-matter jurisdiction under the FTCA because Plaintiff failed to first file an administrative claim with the Department of Education. For support, Defendant provides a Declaration from Jill Siegelbaum ("Siegelbaum"), ECF No. [22-1], who serves as the Acting Assistant General Counsel, Division of Business and Administrative Law, United States Department of Education (Department). *Id.* ¶ 1. Siegelbaum testified that she directed her "staff to conduct a careful search of the Department's FTCA claim files, and that such review located no record of any FTCA claim filed with the Department" by Plaintiff.[7] *Id.* ¶ 4. Plaintiff responds by attaching an SF-95 that she completed on January 24, 2024 and sent to Siegelbaum on January 26, 2024. *See* ECF No. [27-1] at 2-3, 9. However, Plaintiff's SF-95 fails to demonstrate this Court has subject-matter jurisdiction over her claim. Plaintiff sent Siegelbaum this SF-95 over two months after filing this lawsuit and fails to demonstrate Plaintiff "has first filed an administrative claim with the concerned agency pursuant to § 2675(a)[.]" *Wills*, 300 F. App'x at 752. To the contrary, by belatedly sending her SF-95 to Siegelbaum, Plaintiff tacitly

---

[7] The Department of Education's FTCA regulation requires administrative FTCA claims to be filed with Siegelbaum at the following address: Department of Education Claims Officer, Washington, DC 20202. 34 C.F.R. § 35.2(c); ECF No. [22-1] ¶ 3.

Case 1:23-cv-24336-BB   Document 32   Entered on FLSD Docket 05/20/2024   Page 14 of 19

Case No. 23-cv-24336-BLOOM/Torres

concedes she failed to file an administrative claim with the Department of Education before filing this lawsuit. The FTCA accordingly fails to confer subject-matter jurisdiction over Plaintiff's claim.

In sum, the Court finds it lacks subject-matter jurisdiction over Plaintiff's claim. Plaintiff has failed to meet her burden to establish subject-matter jurisdiction. None of the jurisdictional bases identified in the Complaint—Section 1986, Section 1510, and Title IX—waive Defendant's federal sovereign immunity, and the APA's default waiver of sovereign immunity is inapplicable. The Court does not have jurisdiction under the FTCA because Plaintiff has failed to exhaust her administrative remedies. Accordingly, Plaintiff's claim must be dismissed.

Defendant contends dismissal should be with prejudice. Defendant argues doing so is appropriate because Plaintiff cannot state a claim under the FTCA, and the FTCA thus cannot confer subject-matter jurisdiction under any circumstances. Plaintiff responds that Florida tort law provides a cause of action for her claim against Defendant. The Court accordingly must determine whether Plaintiff should be granted leave to amend her complaint, and whether dismissal should be with or without prejudice.

### E. Futility

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id*. at 1270 (citing *Foman*, 371 U.S. at 182). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Cf. Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

As a threshold matter, the Court finds Plaintiff should not be granted leave to amend. Plaintiff has failed to identify a waiver of federal sovereign immunity that permits her claim to proceed against Defendant. The FTCA *does* provide such a waiver, but only after Plaintiff exhausts her administrative remedies pursuant to § 2675(a). Because Plaintiff must do so before this Court would have subject-matter jurisdiction under the FTCA, the Court finds amendment is futile and thus declines to grant Plaintiff leave to amend her Complaint.

Although granting leave to amend would plainly be futile, whether dismissal should be with or without prejudice is less clear. As noted, the FTCA provides a general waiver of federal sovereign immunity "from tort suits based on state law tort claims." *Zelaya*, 781 F.3d at 1321 (citation omitted). If Plaintiff complies with § 2675(a)'s notice requirements, she may sue Defendant—and the United States—based on an underlying tort claim. However, "[i]f there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id.* at 1322 (citing *Meyer*, 510 U.S. 471 at 475-76). Furthermore, the FTCA imposes a predicate requirement "that the circumstances be such that a private person would be liable under the law of the state where the federal employee's act or omission occurred, had a private person so acted." *Id.* For this Court to have subject-matter jurisdiction over Plaintiff's claim, Plaintiff therefore must identify a Florida or District of Columbia[8] ("D.C.") tort claim that provides (1) a valid waiver of sovereign immunity and (2) a cause of action for money damages premised on (3) Defendants' failure to fulfill his statutory and regulatory duties.

The Government argues no such claim exists under Florida law, and Plaintiff's claim accordingly should be dismissed with prejudice. Plaintiff responds that Florida law recognizes the

---

[8] D.C. tort law provides a plausible basis for a claim against Defendant, as the Department of Education is headquartered in D.C. *See Zelaya*, 781 F.3d at 1325.

15

doctrine of vicarious liability, and she therefore can hold Defendant vicariously liable for the actions of the School Board Defendants. For support, Plaintiff cites Florida Statutes § 768.28, which, like the FTCA, provides a general waiver of Florida's sovereign immunity for tort claims. However, Florida Statutes § 768.28 does not provide a cause of action that permits Plaintiff to sue Defendant for failing to fulfill his official duties by negligently processing Plaintiff's OCR complaints. Plaintiff's reliance on the doctrine of vicarious liability is also misplaced. Defendant is not the employer of the School Board Defendants. Even assuming a waiver of sovereign immunity, there is no basis for holding Defendant liable for the torts of the School Board Defendants. Further, Plaintiff has failed to show Florida law waives Defendant's liability for the torts of his subordinates, or that Florida law permits holding Defendant vicariously liable for such conduct in the first place. The Court thus agrees with Defendant that Plaintiff fails to identify a Florida tort providing a cause of action under the FTCA, and Plaintiff therefore fails to show this Court would have subject matter jurisdiction over his claim. For the reasons discussed below, however, whether such a claim exists under Florida or D.C. law is less clear.

Plaintiff seeks to hold Defendant liable for neglect of his official duties as Secretary of the Department of Education. For support, Plaintiff points to Defendant's obligations under Title IX. As discussed, Plaintiff has failed to show Defendant has violated any federal duties. Title IX and its implementing regulations do not impose a deadline for rendering an administrative decision. 34 C.F.R. § 100.7(c). Moreover, "the fact that a federal employee has failed to perform duties imposed by federal law is insufficient by itself to render the federal government liable under the FTCA." *Zelaya*, 781 F.3d at 1324 (citing *Pate v. Oakwood Mobile Homes, Inc.,* 374 F.3d 1081, 1084 (11th Cir. 2004)). "[T]he negligent performance of duties set out in federal statutes and regulations may shore up a claim under the FTCA, 'but *only* if there are analogous duties under local tort law.'" *Id.*

Case 1:23-cv-24336-BB   Document 32   Entered on FLSD Docket 05/20/2024   Page 17 of 19

Case No. 23-cv-24336-BLOOM/Torres

(quoting *Art Metal–U.S.A., Inc. v. United States,* 753 F.2d 1151, 1158 (D.C. Cir. 1985)). As discussed, Plaintiff has failed to identify any such analogous duties under Florida tort law. For its part, Defendant contends no such duties exist. But whether that is the case presents a complicated inquiry that the Parties have not addressed in their briefing.

As noted, Plaintiff seeks to hold a federal officer liable in tort for failing to fulfill his statutory and regulatory duties. As the Eleventh Circuit observed in *Zelaya*, "[d]ifficulties arise, however, when the activities at issue are 'uniquely governmental functions' with unique duties that suggest no obvious analogue among private actors." *Id.* at 1324 (quoting *Indian Towing Co. v. United States,* 350 U.S. 61, 64, 76 S.Ct. 122, 100 L.Ed. 48 (1955)). "Notwithstanding these conceptual difficulties, the Supreme Court long ago made clear that there is no exception from FTCA liability solely because the particular tort arose from the performance of uniquely governmental functions." *Id.* (citing *Indian Towing,* 350 U.S. at 64, 76 S.Ct. 122). Defendant is accordingly incorrect that the Court may dismiss Plaintiff's claim with prejudice after simply assuring itself "[t]here is certainly no Florida tort for negligent processing of an OCR complaint." ECF No. [22] at 12. The Eleventh Circuit instead instructs that "in cases where the plaintiff points to the violation of a federal statutory or regulatory duty, we generally look to the applicable state's Good Samaritan doctrine to decide if the plaintiff has alleged a state tort claim that satisfies the § 1346(b)(1) requirement and thereby opens the door for a claim under the FTCA." *Zelaya*, 781 F.3d at 1325 (citing *Sellfors v. United States*, 697 F.2d 1362 (11th Cir. 1983); *Howell v. United States*, 932 F.2d 915 (11th Cir. 1991); *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081 (11th Cir. 2004)).

The plaintiffs in *Zelaya* argued the Securities and Exchange Commission ("SEC") breached the duty of care it owed investors by violating its federal statutory duties. *Id.* at 1325.

17

Like Plaintiff, however, their complaint "alleged only the tort of negligence," without identifying a specific Florida tort claim "and in apparent ignorance of the fact that identifying an analogous state tort cause of action is required for an FTCA cause of action." *Id.* The Eleventh Circuit noted the plaintiff's reliance on federal duties was insufficient and proceeded to analyze whether "the laws of Texas (where the alleged investigative failures occurred) or the District of Columbia (where the SEC is headquartered)" recognize such a claim. *Id.* The court found "neither Texas nor the District of Columbia requires a person to act to prevent harm to others, absent some special relationship[,]" and that "[i]t therefore seems questionable whether Plaintiffs could show, for either Texas or the District of Columbia, the existence of a tort cause of action against a private person under the circumstances alleged[.]" *Id.* at 1326 (citations omitted). The court declined to "decide the case on this ground, however because neither party has briefed the matter." *Id.* The same is true here. As noted, the Parties do not analyze Florida or D.C. tort law to determine whether a cause of action exists against Defendant. Defendant assumes no such duty exists, while Plaintiff assumes a cause of action exists under the doctrine of vicarious liability.

Accordingly, while it may be unlikely Plaintiff can assert a cause of action in tort that both provides a waiver of sovereign immunity and a private cause of action against Defendant for money damages, Defendant has failed to show no cause of action exists. The Court therefore declines to dismiss Plaintiff's claim with prejudice.[9] As the above analysis makes clear, however,

---

[9] The Court similarly declines to dismiss Plaintiff's claim with prejudice based on Defendant's arguments that Defendant would be an improper party-Defendant because the United States would likely be substituted for Defendant, and because the FTCA's discretionary function exception likely applies. *See* ECF No. [22] at 9 fn. 3-4 (citing 28 U.S.C. § 2679(a); *Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998); *Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000)). Although those are certainly plausible outcomes, such determinations are premature unless and until Plaintiff demonstrates the FTCA confers subject-matter jurisdiction because either Florida or D.C. tort law provides a cause of action for Plaintiff's claim against Defendant. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1528 n.4 (11th Cir. 1990) ("The *scope* of federal liability, of concern only after the fact of consent to be sued, and therefore jurisdiction, is established, is set forth at 28 U.S.C. § 2674.) (emphasis in original).

asserting a viable tort claim against Defendant over which this Court has jurisdiction requires showing (1) compliance with the FTCA's exhaustion requirements, (2) identifying a specific waiver of sovereign immunity with respect to a tort claim under Florida or D.C. law; (3) identifying a duty *Defendant* owed Plaintiff under either Florida or D.C. tort law, and (3) demonstrating Defendant is liable for money damages because Defendant breached a duty he owed *Plaintiff*. If Plaintiff fails to meet *any* of those requirements, she fails to state a claim under the FTCA, fails to show subject matter jurisdiction exists, or both. Any such claim would be frivolous and properly subject to dismissal with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion to Dismiss, **ECF No. [22]**, is **GRANTED**.
2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.
3. The Court Clerk is directed to **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 20, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record